UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

**EUJENA R. COLLINGS, et al.,**
    Plaintiffs,

v.

**MARSHALL COUNTY, ALABAMA, et al.,**
    Defendants.

Case No. 4:23-cv-349-CLM

## MEMORANDUM OPINION

Pro se Plaintiffs Eujena R. Collings and J. Monroe Johnson sue Marshall County, Samuel Ebeyer, Sheriff Phil Sims, Judge Mitchell Scott Floyd, Major Jason W. Windsor, and Assistant Chief Deputy Steve Guthrie under 42 U.S.C. § 1983 for alleged violations of their Fourteenth Amendment rights. (Doc. 1). Judge Floyd, Marshall County, and Sheriff Sims move for the court to dismiss the claims against them. (Docs. 11, 13). Ebeyer, Windsor, and Guthrie have not answered or otherwise responded to the complaint.

For the reasons stated within, the court will **GRANT** Judge Floyd, Marshall County, and Sheriff Sims' motions to dismiss (docs. 11, 13), and **DISMISS** Plaintiffs' claims against them **WITHOUT PREJUDICE**. Plaintiffs have until **September 20, 2024,** to file an amended complaint that corrects the pleading deficiencies discussed below. Failure to file an amended complaint by this date will lead to the court ***dismissing with prejudice*** the claims against Judge Floyd, Marshall County, and Sheriff Sims.

Plaintiffs are required to serve their amended complaint on Defendants who have not responded to their original complaint, Marshall County, and Sheriff Sims on or before **October 11, 2024**. As explained below, Plaintiffs' service of these Defendants must comply with Federal Rule of Civil Procedure 4. Failure to comply with Rule 4 will lead to ***dismissal*** of Plaintiffs' claims against these Defendants under Fed. R. Civ. P. 4(m).

## STATEMENT OF THE ALLEGED FACTS

Collings and Johnson allege that several officials in Marshall County have engaged in "an ongoing; unwarranted & illegal . . . hate, theft, sabotage, revenge conspiracy" against them and their associate Roger Coit Chappell. (Doc. 1, p. 11). According to Collings and Johnson, Marshall County has violated their Fourteenth Amendment rights because Marshall County officials, including Judge Floyd, Sheriff Sims, Windsor, and Guthrie, have committed perjury, obstruction of justice, RICO, and Alabama election crimes against them. (*Id.*, pp. 9–10).

1. *Sheriff Sims*: Collings and Johnson levy many complaints against the Sheriff. They allege that Sheriff Sims violated their Fourteenth Amendment rights by failing to properly evict tenants for Collings and Johnson after an eviction order was granted. (*Id.*, p. 15). They allege that Sheriff Sims also failed to serve eight witnesses who could easily be found at work and "is the current, primary contributing factor for the complete judicial system failure against Plaintiffs." (*Id.*). After Sims was elected Sheriff, civil rights abuses against Collings and Johnson skyrocketed. (*Id.*). Sims and Margaret Lacy of Bancorp South Bank in Guntersville "conspired to steal Plaintiffs' prime-commercial-real-property valued at approximately one-million dollars . . . after Banker-Lacey gave away approximately $40K of Plaintiffs' cash-reserves in order to attempt to force Plaintiffs into unjust forced bank foreclosure." (*Id.*). Collings and Johnson say that under Sims they have experienced "Alabama-Police-State-Styled-Totalitarian-Rule." (*Id.*, p. 16). Collings and Johnson also say that Sims is either directly or indirectly linked to them being "feverishly-robbed, viciously-slandered, abusively-shunned, brutally-sabotaged [and] constantly-threatened with the unjust loss of [their] lives, properties, businesses, reputations, human-rights, civil-rights, sanity, etcetera." (*Id.*). Collings and Johnson say that Sims' take on their "prime commercial real property heist" is "Get out of here, this is mine!" (*Id.*).

2. *Judge Floyd*: Collings and Johnson allege that Judge Floyd has violated their Fourteenth Amendment rights because he is "blatantly and outrageously" biased against them, and a local attorney cannot believe that Judge Floyd is allowed to hear cases related to Plaintiffs because of the civil rights violations they have filed against him. (*Id.*, pp. 16–17). Collings and

Johnson say that in a case Brother Chappell had in front of Judge Floyd, Judge Floyd threatened Brother Chappell with an unjust arrest for harassment and sanctioned him with a $4,000 judgment. (*Id.*, p. 17). Brother Chappell then died after Attorney General Steve Marshall allegedly lied to Plaintiffs by telling them (a) Johnson would not be falsely arrested again, and (b) Collings would receive justice in a $40,000 suspicious theft case. (*Id.*).

3. *Major Windsor and Chief Deputy Guthrie*: Collings and Johnson's claims against Windsor and Guthrie relate to their handling of Johnson and Chappell's report of $300,000 in property damage related to theft from their company First Credit Auto. (*Id.*, pp. 18–20, 105–06). Collings and Johnson say that for nine months Windsor refused to properly take the report, so they were only able to file a report "on the last possible day that a report could be filed," *i.e.*, a year from the day of the first listed incident. (*Id.*, p. 19). According to Collings and Johnson, Windsor and Guthrie lied in writing in the report, refused to contact Collings or Johnson, and wrongfully adjudicated their claims by closing the case because the "victim refused to cooperate." (*Id.*, pp. 19–20).

4. *Agent Ebeyer*: Collings and Johnson say that Ebeyer, a federal agent, failed to take seriously their claims that Marshall County officials were engaged in a "hate, theft, sabotage, revenge conspiracy" against them, Brother Chappell, and Lynn Martin. (*Id.*). The specific claim that Plaintiffs and their associates brought to Ebeyer's attention was that Marshall County law enforcement "ordered Plaintiff Johnson sexually assaulted in order for Sheriff Sims to steal Plaintiff Collings' Marshall County, Alabama, U.S.A., prime commercial real property; by way of unjust forced foreclosure" and "the state then moved to provide unjust-protection for the criminal sex offender [and] simultaneously escalated the state sanctioned violence" against Plaintiffs and their associates. (*Id.*, p. 14). Ebeyer allegedly "fumbled the case because a conflict of interest exists between him [and] Marshall County." (*Id.*, p. 11). Ebeyer also gaslighted Johnson and Collings, which they say led to Brother Chappell's death. (*Id.*). For example, Ebeyer misled Johnson and Collings into believing that they needed to make prescheduled appointments with the FBI's Gadsden office, refused to make appointments, and canceled one appointment at the last minute. (*Id.*, p. 12). Ebeyer also made light of Brother Chappell's concerns and said that he had time to work on little else than preparing for the World Games in Birmingham. (*Id.*).

**STANDARD OF REVIEW**

In reviewing a Rule 12 motion, this court accepts the allegations in Plaintiffs' complaint as true and construes them in the light most favorable to Plaintiffs. *See Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir. 2012). The ultimate question is whether Plaintiffs' allegations, when accepted as true, "plausibly give rise to an entitlement of relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). If the facts as pleaded could entitle Plaintiffs to relief, the court must deny Judge Floyd, Marshall County, and Sheriff Sims' motions to dismiss. If, however, the court accepts Plaintiffs' pleaded facts as true, and Plaintiffs still would not be entitled to relief, the court must grant the motions.

**DISCUSSION**

**A.   Judge Floyd**

Collings and Johnson allege that Judge Floyd violated the Fourteenth Amendment by: (a) being biased against them, (b) threatening Brother Chappell with an unjust arrest for harassment, and (c) sanctioning Brother Chappell with a $4,000 judgment. Judge Floyd says that sovereign immunity bars any official capacity claims Plaintiffs are asserting against him and that judicial and qualified immunity bar any individual capacity claims that Plaintiffs are asserting.

1. *Sovereign immunity*: Collings and Johnson's complaint suggests that they are suing Judge Floyd in his official capacity. (Doc. 1, p. 3). "Lawsuits against a state official in his or her official capacity are suits against the state when the state is the real, substantial party in interest." *Carr v. City of Florence*, 916 F.2d 1521, 1524 (11th Cir. 1990) (quotations and citations omitted). This typically means that Eleventh Amendment immunity bars official capacity claims for monetary damages brought against a state official. *See Melton v. Abston*, 841 F.3d 1207, 1234 (11th Cir. 2016), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Congress hasn't abrogated Eleventh Amendment immunity for § 1983 claims, and Alabama hasn't waived its immunity. *Id.* at 1235. So Collings and Johnson cannot bring official capacity claims for monetary damages against Floyd, a judge for the State of Alabama.

4

The Eleventh Amendment does not, however, bar Collings and Johnson's official capacity claims for prospective, injunctive relief. *See Carr*, 916 F.2d at 1524 n.2. As explained when discussing Judge Floyd's assertion that he's entitled to qualified immunity, these claims are instead subject to dismissal for failure to state a Fourteenth Amendment violation.

2. *Judicial immunity*: To the extent that Collings and Johnson sue Judge Floyd in his individual capacity, "[j]udges are entitled to absolute immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (quotations omitted). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.*

Collings and Johnson's claims that Judge Floyd was biased against them and shouldn't hear their cases, threatened Brother Chappell with unjust arrest, and sanctioned Brother Chappell with an unjust $4,000 judgment all relate to alleged acts that Judge Floyd took in his judicial capacity. And Collings and Johnson haven't alleged any facts that would suggest that Judge Floyd's actions were in clear absence of all jurisdiction. So the court finds that Judge Floyd is entitled to judicial immunity on any individual capacity claims brought against him.

3. *Qualified immunity*: Even if Judge Floyd isn't entitled to judicial immunity, he is entitled to qualified immunity. Qualified immunity protects government officials from being sued in their individual capacities so long as "their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Vineyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The Eleventh Circuit applies a two-part test to determine whether a government official is entitled to the defense of qualified immunity. "First, the official must prove that the allegedly unconstitutional conduct occurred while he was acting within the scope of his discretionary authority. Second, if the official meets that burden, the plaintiff must prove that the official's conduct violated clearly established law." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1282 (11th Cir. 1998) (citations omitted).

Judge Floyd's actions are reasonably related to his job as a district court judge for Marshall County. So Judge Floyd was acting within his discretionary authority, and the burden is on Collings and Johnson to show that Judge Floyd violated their clearly established constitutional rights.

Collings and Johnson fail to adequately allege that Judge Floyd violated the Fourteenth Amendment, much less that he committed a clearly established violation of their Fourteenth Amendment rights. Though Collings and Johnson generally allege that Judge Floyd has violated their Fourteenth Amendment rights, the complaint does not identify which Fourteenth Amendment right he violated. (*See generally* Doc. 1). As another judge on this court has explained to Collings and Johnson, Rule 8 requires more than vague and conclusory allegations that Judge Floyd violated some abstract Fourteenth Amendment right. *See Johnson v. Marshall Cty.*, 2022 WL 264547, at *5 (N.D. Ala. Jan. 27, 2022). Collings and Johnson instead needed to explain which specific provision of the Fourteenth Amendment Judge Floyd allegedly violated. For example, did Judge Floyd violate the Equal Protection Clause, the Procedural Due Process Clause, or some other Fourteenth Amendment right? Because Collings and Johnson don't explain which right Judge Floyd violated, they have not stated a Fourteenth Amendment claim against him.

Collings and Johnson's response brief suggests that Judge Floyd violated Collings' equal protection rights as she is disabled with a custom-made back brace because of her five-deteriorated lower back discs. (Doc. 12, p. 3). But Collings and Johnson do not include these allegations in their complaint, and they cannot amend their complaint by asserting new allegations in their response in opposition to Judge Floyd's motion to dismiss. *See Huls v. Llabona*, 437 F. App'x 830, 832 n.5 (11th Cir. 2011). Nor does Collings and Johnson's response brief allege any facts that plausibly suggest that Judge Floyd's actions were because of Collings' disability.

The specific factual allegations in Collings and Johnson's complaint don't state a § 1983 claim against Judge Floyd either. Most of Collings and Johnson's claims against Judge Floyd relate to rulings he made against Brother Chappell, including threatening him with unjust arrest and sanctioning him with a $4,000 judgment. (Doc. 1, p. 17). Collings and Johnson lack standing to bring claims for injuries to Brother Chappell. And because Collings and

Johnson are pro se, they cannot represent Brother Chappell or his estate in federal court. *See* 28 U.S.C. § 1654; *Iriele v. Griffin*, 65 F.4th 1280, 1284–85 (11th Cir. 2023). Collings and Johnson's other claim against Judge Floyd is that he has been "blatantly and outrageously" biased against them. (Doc. 1, p. 16). But Collings and Johnson provide no examples of Judge Floyd acting biased towards them. They instead assert that Judge Floyd must be biased against them because (a) an attorney stated that he had firsthand knowledge that Judge Floyd was biased, and (b) Judge Floyd shouldn't be allowed to hear their state court cases because of the civil rights violations they have filed against him. (*Id.*, pp. 16–17). These vague and conclusory allegations fail to show that Judge Floyd violated Collings and Johnson's constitutional rights.

For all these reasons, the court will grant Judge Floyd's motion to dismiss Collings and Johnson's claims against him.

### B.   Marshall County + Sheriff Sims

Marshall County and Sheriff Sims move to dismiss Collings and Johnson's claims against them under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6).

1. *Insufficient Service*: Under Rule 12(b)(5), a defendant may move to dismiss the claims against him for insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5). Rule 4(j)(2) requires plaintiffs to serve local governments, like Marshall County, by (a) delivering a copy of the summons and complaint to its chief executive officer, or (b) serving a copy of each in the manner prescribed by state law. *See* Fed. R. Civ. P. 4(j)(2). Under Alabama law, a county must be served by "serving the chief executive officer or the clerk, or other person designated by appointment or by statute to receive service of process, or upon the attorney general of the state if such service is accompanied by an affidavit of a party . . . that all such persons . . . are unknown or cannot be located." Ala. R. Civ. P. 4(c)(8).

Collings and Johnson say that they have properly served Marshall County because their process server served the Marshall County Circuit Court Clerk Angie Johnson with the summons and complaint. (*See* Doc. 6). The reference to "the clerk" in Rule 4(c)(8) refers to the clerk of the local government being sued. *See Montgomery Cty. Bd. of Educ. v. Addison*, 3 So. 3d 885, 886 n.1

7

(Ala. Civ. App. 2008). And Ms. Johnson is not the clerk of the Marshall County Commission. Nor is she an authorized agent of Marshall County. She instead is the Circuit Clerk for the 27th Judicial Circuit of Alabama, a separate governmental entity. The court thus agrees with Marshall County that Collings and Johnson haven't adequately served it and will dismiss the claims against the county under Fed. R. Civ. P. 12(b)(5) for insufficient service of process.

Collings and Johnson also haven't adequately served Sheriff Sims. A plaintiff can serve an individual, like Sheriff Sims, by: (a) delivering a copy of the summons and complaint to him personally; (b) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (c) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e); Ala. R. Civ. P. 4(c)(1). Collings and Johnson do not claim to have personally served Sheriff Sims. (*See* Doc. 8, p. 1). They instead seem to assert that their process server properly served Sims by "serving a person of suitable age and discretion then residing in" Sims' "usual place of abode" when he left a copy of the complaint with someone in the dispatch office of the Marshall County Sheriff's Department. (*See id.*).

Collings and Johnson haven't shown that the Sheriff's Department was Sims' usual place of abode, that the person who received the complaint resided at the Sheriff's Department, or that the person who received the complaint was authorized to receive service of process for Sheriff Sims. So the court agrees with Sheriff Sims that Collings and Johnson's process server didn't properly serve the Sheriff. And though Collings and Johnson later attempted to serve Sheriff Sims by certified mail, the post office returned the summons with a COVID-19 notation. (*See* Doc. 21). As a result, the court will dismiss Collings and Johnson's claims against Sheriff Sims under Fed. R. Civ. P. 12(b)(5) for insufficient service of process.

2. *Failure to state a claim (County)*: The court will also dismiss Collings and Johnson's claims against Marshall County under Fed. R. Civ. P. 12(b)(6). The complaint suggests that Collings and Johnson seek to hold Marshall County liable for the actions of Sheriff Sims, his employees, or Judge Floyd. As explained above, Johnson and Collings haven't shown that Judge Floyd

8

violated their Fourteenth Amendment rights. And in Alabama, sheriffs are executive officers of the state, so "a sheriff is not an employee of a county for the purposes of imposing liability on the county." *See Turquitt v. Jefferson Cty.*, 137 F.3d 1285, 1288 (11th Cir. 1998). In other words, a sheriff and his officers "act on behalf of the State, rather than the county, when acting in their law enforcement capacity." *See McMillian v. Monroe Cty.*, 520 U.S. 781, 789 (1997). Thus, Collings and Johnson cannot bring claims against Marshall County for the actions of Sims, Guthrie, or Windsor who all work for the sheriff's department.

Even if Collings and Johnson had identified a county employee who violated their Fourteenth Amendment rights, "[c]ounties and other municipal entities may be held liable under § 1983 only where action pursuant to official municipal policy of some nature caused a constitutional tort." *Plowright v. Miami Dade Cty.*, 102 F.4th 1358, 1370 (11th Cir. 2024) (quotations omitted). "This standard requires a plaintiff to show that (1) his constitutional rights were violated; (2) the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) the policy or custom caused the violation." *Id.* (quotations omitted). A plaintiff may show a governmental policy or custom in three ways: (1) an express policy; (2) a widespread practice so permanent and well-settled that it counts as a custom; or (3) the act or decision of an official with final policy-making authority. *See Cuesta v. Sch. Bd. of Miami-Dade Cty.*, 285 F.3d 962, 966–68 (11th Cir. 2002).

Collings and Johnson do not allege that Marshall County has an express policy or custom that led to the violation of their Fourteenth Amendment rights. Nor have they alleged facts that plausibly suggest that a widespread and well-settled practice caused their alleged harm. Finally, Collings and Johnson do not allege that the Marshall County officials who violated their rights were officials with final policy-making authority. So the court will dismiss the claims against Marshall County under Rule 12(b)(6).

3. *Failure to state a claim (Sheriff Sims)*: Collings and Johnson also fail to state a claim against Sheriff Sims. As with their claims against Judge Floyd, Collings and Johnson do not identify which Fourteenth Amendment right Sheriff Sims violated. And the only well pleaded factual allegations against Sheriff Sims are that he: (1) failed to properly serve 8 witnesses; (2) failed to

evict tenants for Johnson and Collings; and (3) conspired with Lacey to steal Collings and Johnson's "prime-commercial-real-property valued at approximately one-million-dollars." (Doc. 1, p. 15). Collings and Johnson haven't cited, and the court hasn't found, any authority that would suggest that failing to serve witnesses violates the Fourteenth Amendment. And this court has already held that Sheriff Sims did not violate Collings and Johnson's constitutional rights by failing to evict past due tenants from their properties. *See Johnson*, 2022 WL 264547, at *6. Plus, Collings and Johnson provide no details about how Sheriff Sims conspired with Lacey to steal their property. As a result, the court finds that Collings and Johnson haven't stated a Fourteenth Amendment claim against Sheriff Sims.

The Eleventh Amendment also bars Collings and Johnson from bringing claims for monetary damages against Sheriff Sims in his official capacity. *See Melton*, 841 F.3d at 1234. And Sheriff Sims has shown that his alleged actions fall within his discretionary authority, but Collings and Johnson have failed to meet their burden to show that Sheriff Sims violated a clearly established constitutional right. So to the extent that Collings and Johnson bring individual capacity claims for monetary relief against Sheriff Sims, the court finds that Sheriff Sims is entitled to qualified immunity on those claims. *See Harbert Int'l, Inc. v. James*, 157 F.3d at 1282.

In sum, the court will dismiss Collings and Johnson's claims for injunctive and monetary relief against Sheriff Sims for failure to state a claim. The court will also dismiss Collings and Johnson's claims for monetary relief against Sheriff Sims because (a) the Eleventh Amendment bars claims for monetary relief against sheriff's sued in their official capacities, and (b) Sims is entitled to qualified immunity for the individual capacity claims for monetary damages.

### C.  Leave to Amend

Federal Rule of Civil Procedure 15 provides that the court must grant leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). And when a plaintiff is proceeding pro se, this court must give him "at least one chance to amend the complaint before" dismissing his claims with prejudice if "a more carefully drafted complaint might state a claim." *Woldeab*

*v. Dekalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). "But a district court need not grant leave to amend when either (1) the district court has a clear indication that the plaintiff does not want to amend his complaint, or (2) a more carefully drafted complaint could not state a claim." *Id.* (quotations omitted).

Collings and Johnson have not stated that they do not want to amend their complaint. In fact, they have filed several notices with the court alleging new factual allegations against Defendants. And the court cannot say that a more carefully drafted complaint could not state a Fourteenth Amendment claim against Judge Floyd, Sheriff Sims, or Marshall County. So the court will dismiss Collings and Johnson's claims against these Defendants without prejudice and allow Collings and Johnson to re-plead their claims against them.

If Collings and Johnson choose to amend their complaint, the amended complaint must satisfy the requirements of Federal Rules of Civil Procedure 8 and 10. That means that each count in the amended complaint should include no more than one discrete claim for relief and identify which Defendants Collings and Johnson are bringing that claim against. The counts in the amended complaint must also set forth each claim in a short, plain statement alleging the who, what, when, and where of the claim; referencing the statute, law, or constitutional provision under which each separate claim is brought; and specifying the relief sought under each separate claim. For example, a claim alleging an equal protection violation should explain (a) who allegedly committed the equal protection violation, (b) what protected characteristic (*i.e.*, race, gender, disability) the equal protection claim is based on, (c) how Collings and Johnson were treated differently than others who didn't possess that protected characteristic, and (d) why the protected characteristic is what caused them to be treated differently.

The court will also require Collings and Johnson to serve their amended complaint on Marshall County, Sheriff Sims, Ebeyer, Windsor, and Guthrie. Collings and Johnson's service of Marshall County must comply with the requirements of Federal Rule of Civil Procedure 4(j)(2) and Alabama Rule of Civil Procedure 4(c)(8) discussed above. Service of Sheriff Sims, Ebeyer, Windsor, and Guthrie must comply with the requirements of Federal Rule of

Civil Procedure 4(e) and Alabama Rule of Civil Procedure 4(c)(1), which the court has discussed in explaining why Collings and Johnson have failed to properly serve Sheriff Sims. Collings and Johnson may serve these Defendants by any method allowed under Alabama Rule of Civil Procedure 4(i) but must make sure to comply with the rules for the method of service that they choose.

The court finally notes that Collings and Johnson have filed several notices with the court that include factual allegations not made in their original complaint. If Collings and Johnson choose to file an amended complaint, the court will consider only the allegations and claims set forth in the amended complaint when ruling on any motions to dismiss that are filed. ***The court will not consider any allegations not included in the amended complaint***. So Collings and Johnson's amended complaint must set forth all the facts that support their claims and must not refer back to the original complaint or any other court filing.

## CONCLUSION

For these reasons, the court will **GRANT** Judge Floyd, Marshall County, and Sheriff Sims' motions to dismiss (docs. 11, 13), and **DISMISS** Plaintiffs' claims against them **WITHOUT PREJUDICE**.

Plaintiffs have until **September 20, 2024,** to file an amended complaint that corrects the pleading deficiencies discussed below. Failure to file an amended complaint by **September 20, 2024,** will lead to the court ***dismissing with prejudice*** the claims against Judge Floyd, Marshall County, and Sheriff Sims.

Civil Procedure 4(e) and Alabama Rule of Civil Procedure 4(c)(1), which the court has discussed in explaining why Collings and Johnson have failed to properly serve Sheriff Sims. Collings and Johnson may serve these Defendants by any method allowed under Alabama Rule of Civil Procedure 4(i) but must make sure to comply with the rules for the method of service that they choose.

The court finally notes that Collings and Johnson have filed several notices with the court that include factual allegations not made in their original complaint. If Collings and Johnson choose to file an amended complaint, the court will consider only the allegations and claims set forth in the amended complaint when ruling on any motions to dismiss that are filed. ***The court will not consider any allegations not included in the amended complaint***. So Collings and Johnson's amended complaint must set forth all the facts that support their claims and must not refer back to the original complaint or any other court filing.

## CONCLUSION

For these reasons, the court will **GRANT** Judge Floyd, Marshall County, and Sheriff Sims' motions to dismiss (docs. 11, 13), and **DISMISS** Plaintiffs' claims against them **WITHOUT PREJUDICE**.

Plaintiffs have until **September 20, 2024,** to file an amended complaint that corrects the pleading deficiencies discussed below. Failure to file an amended complaint by **September 20, 2024,** will lead to the court ***dismissing with prejudice*** the claims against Judge Floyd, Marshall County, and Sheriff Sims.

Plaintiffs are required to serve their amended complaint on Defendants who have not responded to their original complaint, Marshall County, and Sheriff Sims on or before **October 11, 2024**. Plaintiffs' service of Defendants must comply with Federal Rule of Civil Procedure 4. Failure to comply with Rule 4 will lead to *dismissal* of Plaintiffs' claims against these Defendants under Fed. R. Civ. P. 4(m).

The court will enter a separate order that carries out this ruling.

**Done** and **Ordered** on September 3, 2024.

*/s/ Corey L. Maze*
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE